UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00408-FDW-DSC

| | |
|---|---|
| DANIEL PRUITT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMUNITY EYE CARE, LLC )<br>)<br>Defendant. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim, filed pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. (Doc. No. 8). The matter has been fully briefed and is ripe for disposition. For the reasons that follow, Defendant's Motion is DENIED.

## I. Background

According to the allegations made in the Amended Complaint, Plaintiff is a citizen and resident of Richland County, South Carolina, and has three decades of experience in the sales industry. (Doc. No. 7 at 2, ¶ 4). In fall 2017, Plaintiff alleges he became aware of a potential opportunity with Defendant, a provider of vision insurance plans located in Charlotte, North Carolina and doing business in North Carolina, South Carolina, and across the southeast United States. Id. at ¶ 3, 5. Also in fall 2017, Plaintiff contends he began to discuss the possibility of employment with Defendant. Id. at ¶ 5. In December 2017, Defendant allegedly offered Plaintiff a position as a Senior Account Executive. Id. at 2, 3, ¶ 5–15. On December 21, 2017, Defendant emailed Plaintiff an Offer Letter, dated December 20, 2017, along with a Job Description and a

1

Compensation Plan. (Doc. No. 7-1 at 2–5). Two days later on December 22, 2017, Plaintiff sent a return email to Defendant, accepting their alleged offer of Employment. (Doc. No. 7 at 3, ¶ 13).

Based on the allegations in the Amended Complaint and the information contained in the exhibit attached thereto, Plaintiff worked for Defendant from January 2018 until May 15, 2018, when Defendant terminated Plaintiff's employment. (Doc. No. 7-1 at 4; Doc. No. 7 at 4, ¶ 24). On July 9, 2019, Plaintiff filed a Complaint against Defendant in the General Court of Justice, Superior Court Division, Mecklenburg County. (Doc. No. 1-1 at 1). Plaintiff's complaint filed in state court alleged claims of: (1) breach of contract and (2) breach of the covenant of good faith and fair dealing by Defendant. Id. at 4–6. Thereafter, Defendant removed the case to this Court on August 20, 2019. (Doc. No. 8-1 at 2). On September 10, 2019, Defendant filed a Motion for Extension of Time to File an Answer, which Magistrate Judge David S. Cayer granted. (Doc. Nos. 3, 4). Defendant subsequently filed a Motion to Dismiss Plaintiff's Complaint on September 23, 2019, for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 5). Plaintiff filed a Motion for an Extension of Time to File a Response on September 30, 2019, which was granted. (Doc. No. 6; October 1, 2019 Text Order). Thereafter, on October 10, 2019, Plaintiff timely filed an Amended Complaint with a jury demand against Defendant. (Doc. No. 7). The Court entered an Order on October 28, 2019, dismissing Defendant's Motion to Dismiss without prejudice as Moot. (Oct. 28, 2019 Text Order). See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."). Therein, Defendant was "reminded that the Court's Standing Orders make clear that the filing of a motion to dismiss pursuant to Rule 12(b)(6) does NOT toll the time for filing an answer." (Oct. 28, 2019

2

Text Order) (emphasis retained in original).

On October 29, 2019, Defendant filed a second Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6). (Doc. No. 8). In its Memorandum in Support, Defendant largely reiterated the same arguments articulated in the first Motion to Dismiss. (Doc. Nos. 5, 8). Defendant first argued the Offer Letter did not constitute a term contract of employment, but rather that Plaintiff's employment was of an at-will nature. (Doc. No. 8 at 4–10). Second, Defendant asserted that the claim for breach of the covenant of good faith and fair dealing must also fail, as such an action arises out of a breach of contract. Id. at 10-11. As Defendant asserted there was no breach of contract, Defendant argued this claim should also be dismissed. Id. Notably, and despite the Court's prior warnings regarding this Court's standing orders, Defendant filed to file an Answer to the Amended Complaint.

On November 12, 2019, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss. (Doc. No. 9). Therein, Plaintiff notes Defendant to failed to "file for a preliminary hearing to toll the timeframe for filing an Answer per the Initial Scheduling Order." (Doc. No. 9 at 2). Plaintiff argued the factual disputes Defendant asserted concerning ambiguity in the employment contract did not warrant dismissal of the Amended Complaint under Rule 12(b)(6). Id. at 3. Defendant filed a Reply to Plaintiff's Memorandum in Opposition on November 19, 2019. (Doc. No. 10). Some two months after Plaintiff filed their Amended Complaint, Defendant filed an Answer on January 7, 2020. (Doc. No. 11).

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. As a general matter, a motion to dismiss

3

under Rule 12(b)(6) should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When analyzing whether to grant a motion to dismiss, the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Id. (citing De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991)).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Circ. 1992), cert. denied, 510 U.S. 828 (1993). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "enough facts to state a claim that is plausible on its face" to survive a motion to dismiss under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

### III. Discussion

**A. Defendant's Failure to File an Answer**

As an initial matter, the Court notes Defendant has failed to abide by this Court's standing orders, which provide that a motion to dismiss made pursuant to Rule 12(b)(6) does not toll the time for filing an answer. See Initial Scheduling Order, 3:07-MC-47 (Doc. No. 2 at 6 ("The filing of any other preliminary motion – including motions made pursuant to Rules 12(b)(3), 12(b)(6),

and 12(B)(7) – will NOT presumptively toll the time required to plead an answer, counterclaims, and/or third-party complaint.") (Emphasis in original).

As Plaintiff's Response indicates, Defendant failed to file an Answer to Plaintiff's Original Complaint. (Doc. No. 9 at 2). Further, when Defendant's Motion was dismissed as moot following Plaintiff's filing of an Amended Complaint, the Court reminded Defendant of its obligation to timely file an Answer, whether or not Defendant filed a subsequent Motion to Dismiss. (Oct. 28, 2019 Text Order). Defendant filed a Motion to Dismiss the Amended Complaint and failed to file either an Answer or a Motion for Extension of Time to file an Answer. (Doc. No. 8). Despite Plaintiff's mention of Defendant's failure to do so in its Response to the Motion, Defendant *still* did not file an Answer. (Doc. No. 9 at 2). Instead, Defendant filed a Reply to Plaintiff's Response, and wholly failed to address its failure to file an Answer. (Doc. No. 10). Nearly two months later, and after two warnings by the Court's Text Order and Plaintiff's Response, Defendant filed an Answer to Plaintiff's Amended Complaint. (Doc. No. 11).

Defendant's answer was late, and Defendant has yet to proffer any explanation in any pleadings to explain this failure. Notably, however, Plaintiff has not moved for entry of default. Moreover, despite Defendant's repeated failures to comply with this Court's clearly stated standing orders, at this point, Defendant's untimely answer has not prejudiced Plaintiff. **Defendant and its counsel are hereby cautioned that further failure to comply with the Court's standing orders could subject counsel and/or Defendant to sanctions, including but not limited to default and/or attorney's fees**. The Court will not provide additional leniency for repeated failures to follow this Court's standing orders, the Local Rules, and other applicable law.

   B.  **Defendant's Rule 12(b)(6) Motion to Dismiss**

5

Turning to the instant motion before the Court, Defendant's Motion to Dismiss relies solely upon Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 8 at 1). Defendant argues Plaintiff's Amended Complaint for claims of breach of contract and breach of the covenant of good faith and fair dealing should be dismissed for failure to state a claim upon which relief may be granted. Id.

For the reasons stated in Plaintiff's Response (Doc. No. 9), the Court disagrees with Defendant and DENIES the motion to dismiss these claims. Because some of Plaintiff's justifications for these claims center on detailed allegations in the Amended Complaint, the Court's ruling herein is *without prejudice* to Defendant to reassert these arguments at summary judgment if discovery establishes no issues of material fact on these allegations and shows Defendant is entitled to judgment as a matter of law. Plaintiff's Amended Complaint contains sufficient allegations to set forth plausible claims against Defendant and thus should not be dismissed at this stage of litigation. See Grier v. Gray, No. 317CV00486FDWDSC, 2018 WL 4620628, at *3 (W.D.N.C. Sept. 26, 2018), appeal dismissed sub nom. Grier v. Charlotte-Mecklenburg Bd. of Educ., No. 18-2308, 2020 WL 1817807 (4th Cir. Apr. 10, 2020).

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 8) is DENIED.

IT IS SO ORDERED.

Signed: June 16, 2020

_____
Frank D. Whitney
United States District Judge